# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | EMORY     A     ROZIER, III |
| | First Name    Middle Name    Last Name |
| Debtor 2 (Spouse, if filing) | |
| | First Name    Middle Name    Last Name |
| Case Number (If known) | 18-20439 |

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia Order 2017-3 adopts this form in lieu of Official Form 113]

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

   (a)   This plan:   ☑   contains nonstandard provisions. See paragraph 15 below.
                     ☐   does not contain nonstandard provisions.

   (b)   This plan:   ☑   values the claim(s) that secures collateral. See paragraph 4(f) below.
                     ☐   does not value claims(s) that secures collateral.

   (c)   This plan:   ☑   seeks to avoid a lien or a security interest. See paragraph 8 below.
                     ☐   does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a)   The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ __416.00__ for the applicable commitment period of:

        ☐   60 months; **or**
        ☑   a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

        (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20___.)

   (b)   The payments under paragraph 2(a) shall be paid:

        ☐   Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

            ☐   Debtor 1 _____ %     ☐   Debtor 2 _____ %

        ☐   Direct to the Trustee for the following reason(s):
            ☑   The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
            ☐   The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

        DEBTOR IS A 1099 EMPLOYEE

   (c) Additional Payments of $ _____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

**3.    Long-Term Debt Payments.**

(a)    **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5).  These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below.  Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| FNMA-SETERUS | RESIDENCE BY CO-SIGNER | Y | CO-SIGNER | | 1,045.00 |

(b)    **Cure of Arrearage on Long-Term Debt.**  Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below.  Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE(if applicable) |
|---|---|---|---|---|
| | | | | N/A |

**4.    Treatment of Claims.**  From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a)  **Trustee's Fees.**  The Trustee percentage fee as set by the United States Trustee.

(b)  **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $    3,500.00  .

(c)  **Priority Claims.**  Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d)  **Fully Secured Allowed Claims.**  All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(e)  **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).**  The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.  These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(f)  **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.**  The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below.  The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below.  The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a

certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| ALLY FINANCIAL | 2008 FORD | 13,000.00 | 5.0% | 264.97 |

(g) **Special Treatment of Unsecured Claims.**  The following unsecured allowed claims are classified to be paid 100%
☐ with interest at _____ % per annum **or** ☐ without interest.

_____

(h) **General Unsecured Claims.**  Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a ___0.00__ % dividend or a pro rata share of $ _____ , whichever is greater.

5. **Executory Contracts.**

(a) **Maintenance of Current Installment Payments of Rejection of Executory Contracts(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|

(b) **Treatment of Arrearages.**  Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|

6. **Adequate Protection Payments.**  The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors:  ☐  Direct to the Creditor; **or**  ☑  To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| ALLY FINANCIAL | 130.00 |

7. **Domestic Support Obligations.**  The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here.  See 11 U.S.C. § 101(14A).  The trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|

8. **Lien Avoidance.**  Pursuant to 11 U.S.C. § 522(f), The Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditors(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| RBS WORLDPAY, INC. | | JUDGMENT |

9. **Surrender of Collateral.**  The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan.  The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from the entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

CREDITOR                     DESCRIPTION OF COLLATERAL          AMOUNT OF CLAIM SATISFIED

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C. § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s).  An allowed proof of claim will supercede those estimated claims.  In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.**  pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly.  If the Debtor(s) seek(s) to limit the amount of a secured claim based on a valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004.  See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise in this local plan form of deviating from it.  Nonstandard provisions set out elsewhere in this plan are void.
PRE-PETITION ARREARAGE CLAIM OF FNMA AND CLAIM OF AMERICREDIT FINANCE WILL BE CONTINGENT HEREIN AND PAID IN THE CASE OF SPOUSE, CASE NO. 17-20267


**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**


Dated:    6/22/18

| /s/ EMORY          A          ROZIER, III |
| --- |
| *Debtor 1* |

| /s/ |
| --- |
| *Debtor 2* |

| /s/ William S. Orange, III |
| --- |
| *Attorney for the Debtor(s)* |

**GASB-Form 113 [Rev. 12/1/17]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE:

EMORY    A    ROZIER, III                                    Chapter 13 Case

          Debtor(s)                              Case No.: 18-20439

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing

the same in the United States Mail with proper postage affixed thereon to the following addresses:

**(See attached matrix)**

I hereby certify that I have served a copy of the Chaper 13 Plan on the following
corporations addressed to an Agent or Officer by First Class Mail with proper postage affixed
thereon to the following addresses:

**(See attached matrix --For each entity required to be served pursuant to Fed. R. Bankr. P
7004(b)(3) the wording "ATTN: Managing Officer (or appropriate similar wording) is included in
the address.)**

I hereby certify that the following insured depository institutions were served by Certified
Mail addressed to the officer of the institution:

I hereby certify that the following parties and counsel were served electronically through
the Notice of Electronic Filing (NEF) at the following address:

M. Elaina Massey
Chapter 13 Trustee
ecf@ch13bwk.com

Dated:      6/22/18

/s/ William S. Orange, III
Debtor's Attorney
1419 Newcastle St.
Brunswick, GA 31520
912-267-9272

EMORY ADELL ROZIER, III
287 KNIGHT ROAD
BRUNSWICK GA 31525-1625

GLYNN COUNTY STATE COURT
ATTENTION: MANAGING OFFICER
701 H STREET, SUITE 104
BRUNSWICK GA 31520

SETERUS
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 2008
GRAND RAPIDS MI 49501-2008

WILLIAM S. ORANGE, III
WILLIAM S. ORANGE, III
1419 NEWCASTLE ST.
BRUNSWICK, GA 31520

HOWE & ASSOCIATES
ATTENTION: MANAGING OFFICER
4385 KIMBALL BRIDGE ROAD, SUITE 100
ALPHARETTA GA 30022

SOUTHEAST GEORGIA HEALTH S
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1054
BRUNSWICK GA 31521-1054

ALLY FINANCIAL
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 380901
MINNEAPOLIS MN 55438

INTERNAL REVENUE SERVICE
401 WEST PEACHTREE STREET
INSOLVENCY STOP 334D, #400
ATLANTA GA 30308

SYNCHRONY BANK
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 965064
ORLANDO FL 32896-5064

AMERICREDIT FINANCIAL SERVICES, INC.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 183853
ARLINGTON TX 76096

INTERNAL REVENUE SERVICE
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 7346
PHILADELPHIA PA 19101

CARE CREDIT/GE MONEY BANK
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 960061
ORLANDO FL 32896-0061

JUDY FAYE ROZIER
287 KNIGHT ROAD
BRUNSWICK GA 31525-1625

EMERGENCY RESOURCES GROUP
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 11349
DAYTONA BEACH FL 32120-1349

JUDY FAYE ROZIER
287 KNIGHT ROAD
BRUNSWICK GA 31525-1625

FEDERAL NATIONAL MORTGAGE ASSOC
ATTENTION: MANAGING OFFICER
3900 WISCONSIN AVENUE NW
WASHINGTON DC 20016

MIDLAND CREDIT MANAGEMENT, INC.
ATTENTION: MANAGING OFFICER
2365 NORTHSIDE DRIVE, #300
SAN DIEGO CA 92108

GEORGIA DEPARTMENT OF REVENUE
ATTENTION: MANAGING OFFICER
1800 CENTURY BLVD., NE, 2206
ATLANTA GA 30345-2206

RBS WORLDPAY, INC.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 566068
ATLANTA GA 31156

GEORGIA EMERGENCY ASSOCIATES
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 10066
SAVANNAH GA 31412

RGL ASSOCIATES, INC.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1054
BRUNSWICK GA 31521-1054